IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RED SOLIMEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 1962 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| MORTON COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Red Solimen brought a one count complaint against defendant Morton College for allegedly violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. ("FCRA"). Defendant has moved to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons discussed below, the motion to dismiss is denied.

## BACKGROUND[1]

On or about August 2012, plaintiff applied for a position as a safety officer with defendant, who offered him the job subject to his successful completion of a criminal background check and training. Defendant later rescinded the job offer, informing plaintiff that its decision was based on the results of the criminal background check. Plaintiff alleges that defendant, in accordance with its employment policy and practice, failed to give him advance copies of the report or any notice before taking this "adverse action." Additionally, defendant did not provide him copies of his rights under the FCRA or any information about the consumer reporting agency which furnished the report. Plaintiff further alleges that defendant willfully or recklessly disregarded plaintiff's rights under the FCRA. He seeks actual, statutory, and punitive

---

[1]The facts are taken from plaintiffs' complaint and are accepted as true for purposes of the instant motion. McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 879 (7th Cir. 2012).

damages, as well as reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n, or in the

alternative, actual damages for a negligent violation pursuant to 15 U.S.C. § 1681o. While

plaintiff has not pled actual damages, he requests he be allowed to amend his complaint to

include these after conducting discovery.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not

the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In

evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations

as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v.

Twombly, 550 U.S. 544 (2007). To provide the defendants with "fair notice of what the claim is

and the grounds upon which it rests," the complaint must provide "a short and plain statement of

the claim showing that the pleader is entitled to relief." Id. at 555 (quoting Fed.R.Civ.P.

8(a)(2)). In addition, the complaint's allegations must plausibly suggest that the plaintiff has a

right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555.

## **DISCUSSION**

One of the purposes of the FCRA is to protect consumers from the ill effects of erroneous

credit reporting. Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 927 (N.D. Ill. 2000). To

this end, the FCRA regulates the usage of "consumer reports" provided by "consumer reporting

agencies." The FCRA defines a "consumer reporting agency" as "any person which, for

monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in

the practice of assembling or evaluating consumer credit information or other information on

consumers for the purpose of furnishing consumer reports to third parties, and which uses any

means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). A "consumer report" is generally defined as meaning "any …communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" which is used, among other things, for employment purposes. § 1681a(d)(1).

Persons using consumer reports who wish to take any "adverse action" against an individual on the basis of information contained in the report must abide by certain regulations. An "adverse action" can include "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." § 1681a(k)(1)(B)(ii). Before taking the action, the user of the report must do the following:

> (1) provide…notice of the adverse action to the consumer;
> (2) provide to the consumer…
>     (A) the name, address, and telephone number of the consumer reporting agency…that furnished the report to the person; and
>     (B) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; and
> (3) provide to the consumer…notice of the consumer's right-
>     (A) to obtain…a free copy of a consumer report on the consumer from the consumer reporting agency…
>     (B) to dispute…with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

15 U.S.C. §1681m(a).

Plaintiff claims that his criminal background check is a "consumer report" as defined by §1681a(d)(1), and that defendant took an adverse action against him without ever sending him the pre-adverse action notice, a copy of the report, or notice of his right to review and dispute the

report, all in violation of § 1681m(a). Plaintiff contends that defendant is liable for statutory damages for "willfully" violating these provisions, or in the alternative, that defendant's violations were negligent.

Defendant first argues that the FCRA does not apply because there is no factual indication in the complaint that the criminal background check contained any credit information (and thus does not qualify as a consumer report) or that it was provided by a consumer reporting agency. Plaintiff correctly notes, however, that the language of §1681a(d)(1) is quite broad, encompassing information provided about a consumer's "character, reputation, [or] general characteristics." Burghy v. Dayton Racquet Club, Inc., 695 F. Supp. 2d 689, 693 (S.D. Ohio 2010) ("Consumer reports may address topics broader than an individual's credit history; for example, consumer reports may uncover criminal records."). Thus criminal background checks, if obtained from a "consumer reporting agency," are consumer reports. See Stevenson v. Employers Mut. Ass'n, 960 F. Supp. 141, 143 (N.D. Ill. 1997). While plaintiff does not specify the name of the agency that provided this report to defendant, he does allege that it was a "consumer reporting agency" within the meaning of the statute. This is sufficient to survive a motion to dismiss.

Turning to plaintiff's claim for a negligent violation of the FCRA under §1681o, plaintiff concedes that because he does not plead any actual damages (as he has not disputed the accuracy of the criminal background check), he cannot pursue a claim for negligence. Troy v. Home Run Inn, Inc., 2008 WL 1766526 (N.D. Ill. 2008) ("Section 1681o … provides relief only if the plaintiff can show actual damages."). The court therefore dismisses the claim for actual damages, but grants plaintiff leave to amend his complaint to include actual damages if any exist.

Plaintiff need not plead actual damages for a willful violation, however, since he may alternatively recover statutory damages. Murray v. Sunrise Chevrolet, Inc., 441 F. Supp. 2d 940, 949 (N.D. Ill. 2006). Defendant argues that this claim must also be dismissed because plaintiff fails to allege facts which plausibly suggest that it willfully violated the FCRA. As the Supreme Court held in Safeco Insurance Co. v. Burr, 551 U.S. 47 (2007), a "willful" violation of the FCRA does not require actual knowledge, but merely recklessness—"something more than negligence but less than knowledge of the law's requirements." Murray v. New Cingular Wireless Servs., Inc., 523 F.3d 719, 726 (7th Cir. 2008) (citing Safeco, 551 U.S. at 69). A reckless violation is one that "shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Murray, 523 F.3d at 726.

Defendant argues it reasonably interpreted the statute to mean that background checks are not consumer reports, and thus its violation of the FCRA cannot have been willful. Plaintiff responds that it cannot be expected to plead "with specificity" facts which are "within the knowledge and control of the defendant and unknown to the plaintiff." Adcock v. Brakegate, Ltd., 164 Ill. 2d 54, 66 (1994). Plaintiff is correct that in general, "issues concerning a state of mind such as knowledge or willfulness often involve fact-intensive inquiries and are not ordinarily resolved at the motion to dismiss stage." Sanders v. W & W Wholesale Inc., 2011 WL 4840978 at *2 (N.D. Ill. 2011) (citing United States v. Sabbia, 2011 WL 1900055, at *6 (N.D. Ill. 2011)). Plaintiff's allegation that defendant "uniformly fails" to follow the prerequisites of § 1681m(a) plausibly suggest recklessness. Ultimately, whether defendant's conduct rises from

5

negligent to the level of recklessness is a factual issue that cannot be resolved at the motion to dismiss stage. <u>Sanders</u>, 2011 WL 4840978 at *2.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (Doc. 8) is denied. Defendant is directed to answer the complaint on or before September 27, 2013. The parties are directed to file a joint status report using the court's form on or before October 3, 2013. This matter is set for a report on status October 10, at 9:00 a.m.


**ENTER:** **September 9, 2013**

**Robert W. Gettleman**
**United States District Judge**